Whitakek, Judge,
delivered the opinion of the court:
Plaintiff, a warrant machinist in the United States Navy, was assigned to the recruiting station in Denver, Colorado, with the duty of disseminating information relative to the United States Navy throughout the State of Colorado, in order to induce men to enlist in the United States Navy. To perform his duties it was necessary for him to travel to various sections of the State. He requested his superior at the recruiting station to issue him the necessary travel orders, but his superior told him he had no authority to do so. Plaintiff, therefore, in order to perform his duty, was required to travel without travel orders. He performed the travel in the hope that he later would be reimbursed for his expenses.
The travel was performed between August 19, 1942, and *236 November 19, 1942. A vear later the Chief of Naval Personnel issued an order reading as follows:
22 November 1943
From: The Chief of Naval Personnel
To: Machinist Nicholas W. Maskal, U. S. N., U. S. S. San Francisco
Via: The Commanding Officer
Subject: Approval of action
1. The action of the Officer in Charge of the Navy Recruiting Station, Denver, Colorado, in directing you to perform repeated travel between Denver, Colorado, and such places within the State of Colorado, in connection with recruiting during the period 19 August 1942 and 19 November 1942, is hereby approved.
2. (a) When a trip necessitated an absence of more than twenty-four hours, you will be entitled to reimbursement at the rate of $6.00 per diem, in lieu of subsistence. See U. S. Navy Travel Instructions, Article 2511.
(b) When a trip necessitated an absence from your station of less than twenty-four hours, if in a travel status and entitled to subsistence, you will be entitled to reimbursement for actual expenses, other than the actual cost of travel incurred in the execution of these orders, at a rate not exceeding $6.00 per day.
RaNdall Jacobs
T-29184
This order, we think, was authorized by the Naval Appropriation Act of 1943 (56 Stat. 53, 63), and by paragraph 3 of Article 2508, United States Navy Travel Instructions, both of which read as follows:
The Naval Appropriation Act of 1943 provides in part as follows:
* * * actual and necessary expenses in lieu of mileage to officers on duty with traveling recruiting parties.
*****
Provided further, That from the date of approval of this Act to June 30, 1943, the Secretary of the Navy, in prescribing per diem rates of allowance, not exceeding $6, in lieu of subsistence for officers of the Navy * * *, traveling on official business and away from their designated posts of duty, pursuant to the first paragraph of Section 12 of the Act approved June 10, 1922 (42 Stat. 631), as amended, is hereby authorized to prescribe such per diem rates of allowance, whether or not orders are *237 given to such officers for travel to be performed repeatedly between two or more places in the same vicinity, and without regard to the length of time away from their designated posts of duty under such orders. * * *
Paragraph 3, Article 2508, U. S. Navy Travel Instructions, is as follows:
3. Verbal Orders. — Written orders are essential. When urgent public business makes it necessary, a verbal order given in advance of travel and subsequently reduced to writing and approved by the Bureau of Naval Personnel or commands authorized to issue orders will meet this requirement.
Under them we think plaintiff is entitled to recover. It was impossible for him to carry out his orders without doing the traveling he did. His orders to disseminate information about the United States Navy throughout Colorado were enough to authorize his travel. The recalcitrance of his superior in refusing to issue the necessary travel orders certainly should not debar him from recovery, since the Chief of Naval Personnel later approved the travel.
Plaintiff is entitled to recover. Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due plaintiff computed in accordance with the foregoing opinion. It is so ordered.[1]
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 Judgment for $696.45, April 7, 1953.